## Richmond.

### HOUGHTON AND ANOTHER v. MOUNTAIN LAKE LAND CO.

#### APRIL 23, 1896.

1. CHANCERY PRACTICE—*Petition—Pleading and Proof.*—A petition may be filed in a pending suit asking to postpone the confirmation of a sale of real estate, and to suspend the proceedings in the suit until the matters of controversy set up in the petition have been adjudicated. Upon the filing of such a petition, rules should be awarded against the parties named as defendants, and, if necessary, an opportunity given the parties to take depositions, or in a proper case the matter should be referred to a commissioner to take evidence and report. But if the parties have proceeded to a hearing upon affidavits, without objection, the appellate court will not reverse the case for this reason only. In the case at bar the petition was rightly rejected, but it should have been without prejudice to the petitioner to litigate his rights in the pending suits.

Appeal from a decree of the Husting Court of the city of Radford, pronounced January 18, 1896, in a suit in chancery, wherein the Mountain Lake Land Company was the complainant, and the Mountain Lake Lumber Company was the defendant, in which suit the appellants asked leave to file a petition.

*Amended and affirmed.*

The Mountain Lake Land Company contracted to sell to the Mountain Lake Lumber Company certain real estate at the price of $600,000, of which $5,000 was paid in cash, and for the residue credits were given. The land was conveyed to the purchaser, and a lien reserved in the deed for the deferred instalments of purchase money. The purchaser being in default, suit was brought to enforce the lien reserved for

the deferred instalments of purchase money.   The Mountain Lake Lumber Company, which was the sole defendant, answered the bill, admitting its charges, consented to a sale, and waived the taking of any accounts.   Thereupon a decree was entered for the sale of the property, and a commissioner was appointed to make the sale.   He advertised the property for sale, and at the sale, the complainant, the Mountain Lake Land Company, became the purchaser at the price of $150,-000.   The commissioner made a report of this sale, and notice was given by the complainant to the defendant that application would be made in the vacation of the court to have the sale confirmed.   Both the complainant and the defendant were willing to have the sale confirmed, but the appellants claimed that they owned one-half the stock in the defendant company, and opposed the confirmation.   They first gave notice to the defendant company requiring it to oppose the confirmation.   Afterwards they filed a lengthy petition in which they set out two other suits which had been instituted by them affecting the property and the sale that had been made, and charging specifically that the suit was collusive, and had been instituted and conducted for the purpose of defrauding them of their property.   They averred that there was a cloud on the title to the property, and that it ought not to have been sold while this cloud remained upon it, nor should the sale be confirmed, and set out other reasons why, in their opinion, the sale should not be confirmed.   The main ground, however, for objecting to the confirmation was that there was a collusion between the two companies and certain other parties to defraud the petitioners; and the manner by which that was expected to be accomplished is set out at length in the petition.   The petition concludes with the prayer that the petitioners be allowed to file their petition, that they be made parties defendants in the principal cause, and that the cause to be held in abeyance until the adjudication of the other two suits which had

been instituted by the petitioners and which are referred to
in the petition.   The filing of this petition was objected to
by both the complainant and the defendant, and affidavits
were filed on each side.   The Hustings Court was of opinion
that the petitioners were estopped by their previous acts, as
shown by the record, from objecting to the confirmation of
the sale, and was further of opinion that the rights of third
parties relating to the subject matter of the suit had, in the
meantime, intervened, and it therefore sustained the object-
ions made to the filing of the petition, refused to permit it
to be filed, and entered a decree confirming the sale; and,
as all of the purchase money was in effect paid in cash, di-
rected a deed to be made to the purchaser.

From this decree the present appeal was taken.

*Vines & Williams* and *Hoge & Hoge*, for the appellants.

*Staples & Munford* and *Thos. W. Miller*, for the appellees.

HARRISON, J., delivered the opinion of the court.

This is an appeal from a decree refusing to allow the
appellants to file a petition asking that proceedings be sus-
pended, and the confirmation of a sale of real estate be
postponed until the matters of controversy set up by the
petition were adjudicated in certain other pending suits.

The error assigned is the refusal of the court to allow the
petition to be filed.   The petition on its face made a *prima
facie* case, and the proper practice under such circumstances
is to permit the petition to be filed, and award a rule against
the parties named as defendants therein requiring them to
answer the petition, and, if necessary, to take the deposi-
tions of such witnesses as either party may desire, or,
under some circumstances, to refer the case to a commis-
sioner with directions to take the evidence and make a

report to the court, and then dispose of the case on its merits.

Inasmuch, however, as the parties to this controversy have, without objection from either side, so far as the record shows, undertaken to prepare their case by procuring affidavits for and against the filing of said petition, and the court below has acted upon the record thus made, this court will not subject the parties to the cost and delay of sending the case back, but will dispose of it upon the record as now presented.

When the petition is read in connection with the affidavits and accompanying exhibits for and against its being filed, it is clear that the court did not err in rejecting said petition, and refusing to postpone the confirmation of the sale. In the state of the record it was not proper for the court to pass upon any of the matters of controversy raised by the petition, but merely upon the right of appellants to file the petition. In the light shed upon that question by the affidavits, and in order to properly guard the rights of appellants in this behalf, the decree ought to have provided that the rejection of the petition should be without prejudice to the right of appellants to further litigate the matters of controversy referred to in the petition, in the other suits pending for that purpose. In this respect said decree must be amended, and thus amended must be affirmed.

*Amended and affirmed.*